IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY GATES, O/B/O
MICHELLE GATES, a minor,
    Plaintiff,

vs.                        Case No. 3:06cv555/MCR/MD

BOARD OF DIRECTORS
OF THE FLORIDA HIGH SCHOOL
ATHLETIC ASSOCIATION, et al.
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff's case brought pursuant to 28 U.S.C. § 1331 or § 1346 is currently before the court upon plaintiff's filing a motion to change jurisdiction (doc. 8), in which she seeks to have this case transferred to the Tallahassee division of this court. Venue for actions under 28 U.S.C. § 1331 or 1346 is governed by 28 U.S.C. § 1391(e), which provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the event or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

*Id.* The basis for plaintiff's request is that some of the actions complained of in the complaint took place within that jurisdiction. Clearly then, this action could have been brought in the Tallahassee division. It also appears that jurisdiction would be proper in the Gainesville Division of this court, as each defendant's address is located within that Division.

Title 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Services v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison,* 752 F.Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Florida, Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14. In this case, plaintiff herself has made the motion to transfer her cause of action.

In the instant case, some of the operative facts underlying this cause of action occurred within the Tallahassee Division of this court, and the defendants all work or reside within the Gainesville Division of this court. Thus, attendance of witnesses and availability of sources of proof favor a transfer to one of these courts. Although this community is the community where plaintiff resides and wishes to play basketball, it otherwise has no relation to the defendants or the actions complained of. Therefore, pursuant to plaintiff's request, the court concurs that venue for this action is proper in the Tallahassee division, and the case should be transferred so that plaintiff may proceed in that division.

The plaintiff is advised that a new case number will be assigned by the Tallahassee division, and that all future filings must be made to the proper court, using the correct case number.

Accordingly, it is respectfully RECOMMENDED that plaintiff's motion to change jurisdiction (doc. 8) be GRANTED, and this case be transferred to the United States District Court for the Northern District of Florida, Tallahassee Division.

*Case No: 3:06cv555/MCR/MD*

At Pensacola, Florida this 7th day of February, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served with a copy thereof. A copy of any objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**